IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ECLIPSE IP LLC,

        Plaintiff,

    v.

MARTEN TRANSPORT, LTD.,

        Defendant.

Case No. 2:15-CV-527

PATENT CASE

---

## DECLARATION OF ELIJAH B. VAN CAMP

---

**ELIJAH B. VAN CAMP**, being first duly sworn on oath, deposes and states as follows:

1.    Attached as Exhibit 1 is a true and correct copy of the 2014 Limited Liability Company Reinstatement Form that I obtained from the website for the Florida Department of State, Division of Corporations (www.sunbiz.org).

2.    Attached as Exhibit 2 is a true and correct copy of a document titled Legal Property Description and Deed History Report which was filed as an exhibit supporting the Defendants' Memorandum of Points and Authorities in Support of Volkswagen Group of America, Inc.'s Motion to Transfer in the case of *Eclipse IP, LLC v. Volkswagen Group of America, Inc.*, Case No. 5:12-cv-02087-PSG-SP (C.D. Cal).

3.    Attached as Exhibits 3 and 4, respectively, are the front pages to the '899 and '239 patents.

4.      Attached as Exhibit 5 is a true and correct copy of a printout of patent attorney Scott A. Horstemeyer's biography from the law firm website of Thomas Horstemeyer.

5.      Attached as Exhibit 6 is a true and correct copy of the Electronic Articles of Organization for Florida Limited Liability Company Eclipse IP LLC, obtained from the Florida Department of State, Division of Corporations website (www.sunbiz.org).

6.      Based on review of information available through the Pacer Case Locator and the Patent Application Information Retrieval website of the United States Patent & Trademark Office, Eclipse has filed over 160 patent infringement lawsuits, and has litigated numerous lawsuits involving one or both of the same patents in suit as in this case, including in the Northern District of Illinois, the District of New Jersey, the Central District of California, the Northern District of California, the District of Delaware, the Eastern District of Michigan, the District of South Carolina, the Northern District of Georgia, the Northern District of West Virginia, the Southern District of West Virginia, the Western District of Kentucky, the Western District of North Carolina, the Southern District of Florida, and the Eastern District of Texas.

7.      As of the last date checked, June 28, 2015, in the District of New Jersey alone, Eclipse has filed 11 lawsuits that are ongoing and that involve the same patents at issue as in this case.

8.      As of the last date checked, June 28, 2015, it appears Eclipse has litigation pending involving at least one of the patents-in-suit in the District of New Jersey, the

Central District of California, the Northern District of California, the District of Utah, and the Eastern District of Texas.

9.      From my review of cases that Eclipse has filed in the Eastern District of Texas, it appears that the Court has not construed the patent claims in any of those cases. From my review, Eclipse has filed dozens of lawsuits in the Eastern District of Texas that are now closed and it appears the Court did not make claim construction rulings in any of those cases.  Rather, Eclipse's prior cases have consistently been voluntarily dismissed before the Court construed the patent claims at issue. From my review of Eclipse cases in other districts, it appears this has been Eclipse's litigation pattern in the judicial districts in which it has litigated the patents in suit.

10.     From my review of Pacer and the Patent Application Information Retrieval website, it appears that between May 2011 and September 2014, Eclipse filed and litigated 17 lawsuits in the Northern District of Illinois in Chicago.  Also based on my review, 12 of those 17 cases involved at least one of the patents in suit involved in this case.

11.     Attached as Exhibit 7 is a true and correct copy of a printout from Google Maps showing the driving distance between the Federal Courthouse in Chicago, Illinois and Madison, Wisconsin.

12.     Based on my review of Eclipse cases, defendants in *Eclipse IP, LLC v. ECCO USA, Inc.*, Case No. 5:12-cv-00160 (N.D. W.V.) and *Eclipse IP, LLC v. Volkswagen Group of America, Inc.*, Case No. 5:12-cv-02087-PSG-SP (C.D. Cal.) filed motions to transfer venue, which were granted.

13.     Marten employees who may testify in this matter include Brent Johnson and Randy Baier.  Brent Johnson is the Director of Claims at Marten Transport and has knowledge regarding the operations, facilities and employees at Marten.  Randy Baier is the Vice President of Information Technology and has knowledge regarding the technology, methods and systems utilized by Marten for communication, tracking, monitoring and reporting.

14.     I expect that current or former employees of the companies Qualcomm, IDS, Star Trak and Edgewater Technologies have knowledge about the development, programming, and prior art relating to the computer based notification systems and methods at issue in this case, and therefore will be called as witnesses in this case.  This includes (1) Michael Hein, Director of Software Application Engineering at Omnitracs (formerly part of Qualcomm), located in San Diego, California; (2) David Arnold, Vice President and General Counsel at Omnitracs (formerly part of Qualcomm), located in San Diego, California; (3) Craig Malone, Executive Vice President for Product Development at StarTrak, located in Sterling, Virginia; (4) Michael Ehrman, Chief Technology Officer for ID Systems, located in Woodcliff Lake, New Jersey; (5) Ori Fishler, former Practice Director, Web Solutions for Edgewater Technologies, last known address in Hackensack, New Jersey; (6) Jeff Mackenzie, former Director of Technology for Edgewater Technologies, last known address in Londonberry, New Hampshire; and (7) Jim Wilcox, former Systems Architect for Edgewater Technologies, last known address in Merrimack, New Hampshire.

15.     Attached as Exhibit 8 is a true and correct copy of a printout from Google Maps showing the driving distance between Mondovi, Wisconsin and the federal courthouse in Madison, Wisconsin.

16.     Attached as Exhibit 9 is a true and correct copy of a printout from Google Maps showing the driving distance between Mondovi, Wisconsin and the federal courthouse in Marshall, Texas.

17.     Attached as Exhibit 10 is a true and correct copy of a printout from Google Maps showing the driving distance between Marshall, Texas and Desoto, Texas.

18.     Attached as Exhibit 11 is a true and correct copy of a printout from Google Maps showing the driving distance between Marshall, Texas and Laredo, Texas.

19.     Attached as Exhibit 12 is a true and correct copy of a printout from Google Maps showing the driving distance between Marshall, Texas and Atlanta, Georgia.

20.     Attached as Exhibit 13 is a true and correct copy of a printout from the Dane County Regional Airport website showing non-stop destinations to and from Madison, Wisconsin.

21.     Attached as Exhibit 14 is a true and correct copy of a printout from Google Maps showing the driving distance between Marshall, Texas and Delray Beach, Florida.

22.     Attached as Exhibit 15 is a true and correct copy of a printout from Google Maps showing the driving distance between Marshall, Texas and Hermitage, Pennsylvania.

Dated this 29th day of June, 2015.

/s/_____
Elijah B. Van Camp

Subscribed and sworn to before me
this 29th day of June, 2015.

/s/_____
Jennifer J. Osier
Notary Public, State of Wisconsin
My Commission expires 03-10-18.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 29th day of June, 2015.  Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/_____
Harry E. Van Camp