IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ECLIPSE IP LLC, | |
|     Plaintiff, | Civil Action No. 2:15-CV-527 |
| v. | JURY DEMAND |
| MARTEN TRANSPORT, LTD., | PATENT CASE |
|     Defendant. | |

**REPLY IN SUPPORT OF MARTEN TRANSPORT, LTD'S MOTION TO TRANSFER VENUE**

**I.    THE CONVENIENCE OF ECLIPSE'S ATTORNEYS IS IRRELEVANT.**

Eclipse's Response fails to identify a single prospective witness located in the Eastern District of Texas, or even in the entire state of Texas. Having failed to identify any local witnesses, Eclipse urges the Court to deny Marten's motion because "Plaintiff's attorneys are located in Austin, Texas." Pl's Resp. p. 6. This argument is absolutely contrary to Fifth Circuit precedent. *In re Horshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003) ("The factor of 'location of counsel' is **irrelevant and improper** for consideration . . .") (emphasis added)).

Eclipse cannot plead ignorance of the law on this improper argument. In *Eclipse IP LLC v. Volkswagen Group of America, Inc.*, 5:12-cv-02087-PSG-SP (C.D. Cal. May 10, 2013), Dkt. No. 33, pp. 7-8, involving this same plaintiff, the court specifically rejected such an argument. Citing *Horshoe*, among other cases, the court explained that "[t]hough the Central District of California will be more convenient for [Eclipse's] attorneys, who are based in California, 'convenience of counsel is not considered in ruling on a section 1404(a) transfer motion.'"

**II.    CONVENIENCE FOR WITNESSES.**

Marten has provided detailed information about nine witnesses who are expected to testify at trial in this case. The Marten witnesses are located in the Western District of

Wisconsin and all of the other witnesses are located at least 1,400 miles away from Marshall, Texas. Van Camp Decl. Most of the non-party witnesses are closer to Madison, Wisconsin than they are to Marshall. *Id*. Eclipse has offered no evidence to contradict these facts.

Lacking facts to support its position, Eclipse chooses to rely on pure speculation about witnesses, an approach courts have consistently rejected. *See, e.g., In re ASUS Computer Intern.*, 573 Fed.Appx. 928, 929 (Fed. Cir. 2014); *RMail Ltd. v. DocuSign, Inc.*, 2012 WL 1416299, *3 (E.D. Tex. 2012); *Front Row Technologies, LLC v. MLB Advanced Media, L.P.*, 2012 WL 12044383, *4 (N.D. Tex. 2012); *Magner v. Gaskill*, 2013 WL 1702055, *2 (E.D. La. 2013).

Eclipse speculates that personnel at Marten's transport terminal in Desoto may provide relevant testimony. Pl's Resp. p. 7. However, Marten has already submitted evidence on its Desoto and Laredo facilities: "[t]hese facilities serve only to support Marten's trucks and drivers and do not have employees familiar with the issues raised in this lawsuit." Dkt. No. 17 p. 3. Eclipse has not addressed this factual submission, much less presented evidence to contradict it. All Eclipse has presented is pure speculation, which is inappropriate for consideration.

Eclipse also speculates that Marten's Wisconsin witnesses are not the "most important," but the Eastern District of Texas has recognized that such speculation about the relevance of identified witnesses is improper. *RMail Ltd.*, 2012 WL at *3 ("Such aspersions directed at Plaintiffs' identified witnesses cannot properly draw the Court into a speculative discounting of their value for venue analysis purposes.").

### III.     EASE OF ACCESS TO SOURCES OF PROOF.

On the "Access to Sources of Proof" factor, Marten submitted evidence that all of its relevant documentation, hardware and equipment are located in Mondovi, Wisconsin. Dkt. No. 17 p. 2. Eclipse offers no evidence to contradict Marten's factual submissions, and fails to

identify any other relevant evidence. Again, all Eclipse can offer is unsupported speculation and misleading statements.[1]

Without any evidence, Eclipse speculates that "it is more likely than not" that Marten has significant documents and equipment related to the 'computer-based notification systems and methods'" at its facilities in Desoto and Laredo. Pl's Resp. p. 5. Eclipse's "smoking gun" is that Marten's Desoto transport terminal is "state of the art" and has a "spacious driver's lounge, shower facilities, laundry facilities," and other such amenities. *Id*. Eclipse does not explain what Marten's shower facilities have to do with computer-based notification systems. Nor does Eclipse provide any evidence that the "South Central Regional management and administrative staff" have any relevant information about computer-based notification systems.

## IV.    ADMINISTRATIVE DIFFICULTIES FLOWING FROM COURT CONGESTION FAVORS WISCONSIN.

As detailed in Marten's motion, federal case management statistics consistently show cases resolving faster in the Western District of Wisconsin than in the Eastern District of Texas. Eclipse twists itself in knots trying to argue that the Western District of Wisconsin is only *slightly* faster in resolving cases, which does not aid its argument. Pl's Resp. p. 9. This factor favors transfer to the Western District of Wisconsin.

## V.    FAMILIARITY OF THE FORUM WITH THE LAW THAT WILL GOVERN THE CASE.

Eclipse attempts to argue that the Western District of Wisconsin is somehow less competent to handle patent cases. That argument is belied by the fact that the law firm representing it boasts of representing clients in "the patent-heavy courts in the District of

---

[1] Eclipse falsely quotes Marten as "conceding" that most documents "may be produced electronically . . ." In fact, Marten's motion recited a legal proposition, that "[e]ven when documents may be produced electronically, the fact 'that access to some sources of proof presents a lesser inconvenience now that it might have absent recent developments does not render this factor superfluous.' *Volkswagen II*, 545 F.3d at 316." Dkt. No. 15 p. 10.

3

Delaware, the Eastern District of Texas, and the **Western District of Wisconsin**." Van Camp Decl. Ex. 1 (emphasis added). This factor is clearly neutral.

Eclipse also argues that because it has filed several cases in the Eastern District of Texas involving the same patents, judicial economy will be served by denying Marten's motion. Eclipse relies on legal authority stemming from *In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (2009), but omits the crucial passages from that case law. That court clarified that "a **familiarity with the patents** could preserve time and resources," and "the interest of judicial economy may favor transfer to a court that has become **familiar with the issues**." 566 F.3d at 1351 (emphasis added). Here, the Eastern District of Texas has not construed the patents at issue and is therefore no more familiar with the patents than the Western District of Wisconsin.

Further, Eclipse's professed concern about inconsistent rulings is disingenuous. Three days before filing this lawsuit, Eclipse filed eight lawsuits involving the same patents in the District of New Jersey. More than two weeks *after* filing this lawsuit, Eclipse filed five more lawsuits there. If Eclipse ever had any basis to complain of inconsistent rulings, it lost that right through its own actions.

VI.     **LOCAL INTERESTS FAVOR THE WESTERN DISTRICT OF WISCONSIN.**

Eclipse has failed to identify any local interest in the Eastern District of Texas. Rather, Eclipse argues that the entire state of Texas ("any Texas venue") has a strong interest in resolving the case, which is a misstatement of the law. Pl's Resp. p. 10. The "local interest" factor applies to the venue where the lawsuit was filed, not to the entire state. *See In re Toa Technologies, Inc.*, 543 Fed.Appx. 1006, 1009-10 (Fed. Cir. 2013) *Volkswagen I*, 371 F.3d at 205-06.

4

## CONCLUSION

For the reasons stated above and in its Motion to Transfer Venue, Marten has shown that the Western District of Wisconsin is a clearly more convenient venue. In response, Eclipse has been unable to demonstrate that any factor favors maintaining venue in the Eastern District of Texas. Eclipse has not identified a single witness or piece of evidence located in the Eastern District. All Eclipse has done is stretch the law and facts beyond recognition in its desperation to retain venue. The Court should reject Eclipse's unsupported arguments and grant Marten's Motion to Transfer Venue to the Western District of Wisconsin.

Dated this 23rd day of July, 2015.

Respectfully Submitted,

**DEWITT ROSS & STEVENS S.C.**

By: /s/
Harry E. Van Camp (*admitted pro hac vice*)
Elijah B. Van Camp (*admitted pro hac vice*)
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891
hvc@dewittross.com
evc@dewittross.com

Joseph T. Miotke (*admitted pro hac vice*)
DeWitt Ross & Stevens S.C.
13935 Bishop's Drive, Ste. 300
Brookfield, WI 53005-6605
262-754-2840
jtm@dewittross.com

Amanda A. Abraham (TX Bar No. 24055077)
**THE ROTH LAW FIRM, P.C.**
115 N. Wellington, Suite 200
Marshall, Texas 75670
903-935-1665
aa@rothfirm.com

**ATTORNEYS FOR DEFENDANT, MARTEN TRANSPORT, LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 23rd day of July, 2015. Any other counsel of record will be served by facsimile transmission and/or first class mail.

/s/
Harry E. Van Camp