FILED: 2/3/16
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **MARTEN TRANSPORT, LTD.,**
*Petitioner*

2016-108

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in Nos. 2:15-cv-00353-JRG-RSP and 2:15-cv-00527-JRG-RSP, Judge J. Rodney Gilstrap.

**ON PETITION**

Before PROST, *Chief Judge*, O'MALLEY and STOLL, *Circuit Judges*.

PROST, *Chief Judge*.

**O R D E R**

Marten Transport, Ltd. submits a petition for a writ of mandamus to (1) direct the United States District Court for the Eastern District of Texas to act on Marten Transport's motions to transfer and dismiss, and (2) to stay the case pending final resolution of those motions. Eclipse IP LLC opposes. Marten Transport replies.

On June 29, 2015, Marten Transport filed motions to transfer its case to the United States District Court for the Western District of Wisconsin and to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6). Briefing on the transfer motion was completed on July 23, 2015, and briefing on the motion to dismiss was completed on August 27, 2015. After Marten Transport filed this petition, the district court scheduled a hearing on the motion to transfer for February 3, 2016.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.*, 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of securing the relief desired and that the right to issuance of the writ is "clear and indisputable." *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989) (citation omitted).

Now that a hearing has been scheduled on the motion to transfer, this court expects that the district court will promptly decide the transfer motion. *See In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the … District Court."). We are not inclined at this time to require the district court to stay other proceedings until it rules on the motion to transfer or the motion to dismiss. We remind the district court that any familiarity that it has gained with the underlying litigation due to the progress of the case since the filing of the complaint is irrelevant when considering the transfer motion and should not color its decision. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013).

Regarding the motion to dismiss, Eclipse asserted in the trial court that the issues might relate to claim con-

struction. Based on that assertion, we do not at this time address the pending motion to dismiss.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition is denied, without prejudice to filing a new petition if the motion to transfer is not ruled upon within 30 days from the date of this order.

FOR THE COURT

/s/ Daniel E. O'Toole  
Daniel E. O'Toole  
Clerk of Court

s25