# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ECLIPSE IP LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 2:15-cv-00527-JRG-RSP |
| | § | |
| MARTEN TRANSPORT, LTD., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

On February 3, 2016, the Court held a hearing to address Defendant Marten Transport, Ltd.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 15.)[1] Marten asserts that this case should be transferred to the Western District of Wisconsin. Plaintiff Eclipse IP LLC opposes transfer. Having considered the pleadings and the facts presented at the hearing, the Court finds that transfer is not warranted in this case.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case.

---

[1] Marten's Motion and Reply are filed in Case No. 2:15-cv-527-JRG-RSP. Eclipse's Response is filed in Case No. 2:15-cv-353-JRG-RSP.

*See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## ANALYSIS

### A. Proper Venue

The parties do not dispute that the Eastern District of Texas and the Western District of Wisconsin are both proper venues. (*See* Dkt. No. 15 at 10.)

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

Marten states that its headquarters, record-keeping facilities, and finance departments are in Mondovi, Wisconsin. (Dkt. No. 17 ¶7.) Therefore, Marten asserts, all of Marten's "[f]iles and equipment relating to [the accused] notification systems and methods" (Dkt. No. 17 ¶7) and "documents, hardware, software, and equipment related to the 'computer-based notification systems and methods' utilized by [it] are [] in Mondovi, Wisconsin" (Dkt. No. 15 at 10; Dkt. No. 17 ¶9).

Eclipse, in contrast, asserts that "the most important technical evidence will not be [] at [Marten's] headquarters in Mondovi because [Marten] did not develop or program the accused systems." (Dkt. No. 40 at 5.) Eclipse points to Marten's initial disclosures which show that Marten engaged Omnitracs, StarTrak, ID Systems, Edgewater, and Qualcomm to provide it with the accused tracking and notification systems. (PX-2 ¶¶D3–D10.)[2] Eclipse claims that Marten

---

[2] All documents presented by Eclipse at the hearing are cited as PX.

"has not shown that [] discovery from third-party organizations would be more convenient if the case [was] moved to Wisconsin." (Dkt. No. 40 at 5.)

The Court finds that this factor weighs slightly against transfer. The Court notes that evidence from Marten is more accessible from the Western District of Wisconsin. However, the parties do not seriously dispute that third-providers of tracking and notification systems will have technical evidence in this case. The Court finds that evidence from two of the third-party providers is significantly more accessible from this District. First, the parties expect ID Systems "to have knowledge about the development, programming, and prior art relating to the systems and methods provided to Marten by ID Systems." (PX-2 ¶D6.) ID Systems maintains evidence in this District because its Asset Intelligence division, which provides transportation products, is based in this District at Plano, Texas. (PX-6, PX-7; *see also* PX-10 (stating Marten contracts with Asset Intelligence).) Second, the parties expect Omnitracs "to have knowledge about the development, programming, and prior art relating to systems and methods provided to Martens by Omnitracs." (PX-2 ¶¶D3-D4.) Omnitracs maintains evidence close to this District because it is headquartered in Dallas, Texas. (PX-3, PX-4, PX-5.)

### 2. Cost of Attendance for Willing Witnesses

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Genentech*, 566 F.3d at 1342. In assessing this factor, the Court considers the convenience of the party and non-party witnesses. The convenience of the non-party witnesses carries the greatest weight in the analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (3d ed. 2012). "A district court should [also] assess the relevance and materiality of the information the witness may provide" but should not require the

movant to identify "key witnesses," or show "that the potential witness has more than relevant and material information . . . ." *Genentech*, 566 at 1343–44.

Marten asserts that the relevant witnesses are in Wisconsin, California, or on the East Coast. (Dkt. No. 15 at 11.) Marten states that Brent Johnson and Randy Baier are Marten employees "familiar with, and able to testify concerning the operation of [Marten's] vehicles and Marten['s] computer based notification systems and methods." (Dkt. No. 17 ¶5.) Mr. Johnson says that he and Mr. Baier live in Mondovi, Wisconsin. (Dkt. No. 17 ¶5.) Marten also asserts that employees from Omnitracs, StarTrak, ID Systems, Edgewater, and Qualcomm have knowledge of the accused systems. (PX-2 ¶¶D3–D10.) Marten specifically identifies, as witnesses expected to have relevant knowledge, Michael Hein and David Arnold from San Diego, California, Michael Ehrman from Woodcliff Lake, New Jersey, Craig Malone from Sterling, Virginia, and Ori Fisher, Jeff MacKenzie, Jim Wilcox, and Bruce Lundie, from New Jersey, New Hampshire, and Massachusetts. (PX-2 ¶¶D3–D10.)

Eclipse, in response, argues that Marten has not shown the Western District of Wisconsin is more convenient for third-party witnesses from Omnitracs, StarTrak, ID Systems, Edgewater, and Qualcomm. Eclipse contends that these witnesses will have relevant technical knowledge but that Marten has admitted that the Western District of Wisconsin is "not overly convenient" for them. (Dkt. No. 40 at 7.)

The Court finds that this factor weighs somewhat in favor of transfer. Marten has shown that the Western District of Wisconsin is more convenient for Marten's witnesses, and, to the extent these third-party witnesses are willing witnesses, the parties agree that neither the Eastern District of Texas nor the Western District of Wisconsin is convenient for them. The California

witnesses are closer to this District but many of the East Coast witnesses are closer to the Western District of Wisconsin.

3. **Availability of Compulsory Process to Secure the Attendance of Witnesses**

The Court may order a person who "resides, is employed, or regularly transacts business in person" in Texas to attend trial in Marshall if she "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). The Court may also order a person to attend a deposition at a location that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45 (a)(2); *see id.* (c)(1)(A), (d)(3)(a). Party witnesses normally do not require compulsory process. The Court's analysis of this factor primarily focuses on third-party witnesses.

The Court finds that this factor weighs solidly against transfer because the Eastern District of Texas has compulsory process over witnesses from at least two relevant third-party entities. The Western District of Wisconsin does not have compulsory process over witnesses from any third-party entities. The parties agree that ID Systems and Omnitracs are expected to have witnesses with knowledge of the accused tracking and notification systems. Eclipse has shown that ID Systems' Asset Intelligence division is in this District in Plano, Texas and that Omnitracs' headquarters is in Dallas, Texas. Marten does not claim that witnesses from these entities would incur substantial expense if ordered to appear in Marshall for trial. Furthermore, Marten does not assert that the Western District of Wisconsin has compulsory process over any witnesses from similarly relevant entities.

4. **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

The Court finds that judicial economy weighs against transfer, but only slightly. Eclipse has asserted that Marten infringes U.S. Patent No. 7,876,239. The '239 patent shares a

specification with U.S. Patent No. 7,319,414. ('239 patent col. 1, ll. 7–8 ("This application is a continuation of application Ser. No. 10/858,752, filed Jun. 2 2004, now Pat. No. 7,319,414.").) Eclipse asserted the '414 patent against numerous defendants in this District before it asserted the '239 patent against Marten. *See, e.g.*, *Eclipse IP LLC v. Alfa Vitamin Labs., Inc.*, 2:15-cv-353-JRG-RSP, Dkt. No. 1 (E.D Tex. March 13, 2015); *Eclipse IP LLC v. Pen Chalet LLC*, 2:15-cv-362-JRG-RSP, Dkt. No. 1 (E.D. Tex. March 13, 2015). Therefore, at the time this case was filed, cases involving related patents were already pending before the Court.

## C. Public Interest Factors

### 1. Local Interest in Having Localized Interests Decided at Home

Marten asserts that this factor favors transfer because "Marten has deep roots to the economy and people of the Western District of Wisconsin." (Dkt. No. 15 at 15.) Specifically, Marten points out that it "employs hundreds of residents of the Western District of Wisconsin, including all Marten employees who may be able to testify to the issues relevant to this case." (Dkt. No. 15 at 15.) Eclipse responds by noting that Marten employs Texas residents at "two massive Texas facilities." (Dkt. No. 40 at 10.) The Court finds this factor weighs in favor of transfer because a finding of infringement would most directly affect Marten's operations in Wisconsin. However, the Court acknowledges that such a finding would also affect Marten's significant operations in Texas.

### 2. Administrative Difficulties Flowing From Court Congestion

Marten points out that the Western District of Wisconsin has a median filing to trial time that is two to three months faster than the median filing to trial time in the Eastern District of Texas. (Dkt. No. 15 at 13.) Eclipse contends that the Eastern District of Texas, unlike the Western District of Wisconsin, has adopted Local Patent Rules which assist in the efficient

7

resolution of patent cases. (Dkt. No. 40 at 10.) The Court finds that this factor is neutral as to transfer because neither side has shown that this case would be more efficiently resolved in one District as compared to another. *See Genentech*, 566 F.3d at 1347 ("We note that this factor appears to be the most speculative, and case-disposition statistics may not always tell the whole story.") (citation omitted).

    3.    **Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The Court finds that these factors are neutral as to transfer.

## CONCLUSION

Two factors weigh in favor of transfer and three factors weigh against transfer. A motion to transfer venue should be granted only when the moving party shows that one venue is "clearly more convenient" than another. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court, having weighed the evidence, finds that the Western District of Wisconsin is not "clearly more convenient." Marten Transport, Ltd.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 15) is **DENIED**.

**SIGNED this 23rd day of February, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE